IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| RESHIA WARD, individually and on behalf of all others similarly situated. | Case No.: |
| Plaintiff, | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | |
| ACCUSOURCE HR, INC., | |
| Defendant. | |

## COMPLAINT

Plaintiff Reshia Ward ("Plaintiff") brings this putative class action individually and on behalf of all others similarly situated, seeking statutory and other damages against Defendant Accusource HR, Inc. ("Accusource" or "Defendant") and alleges, based upon Plaintiff's personal knowledge, the investigation of counsel, and upon information and belief, as follows:

## PRELIMINARY STATEMENT

1. This is an action to recover damages for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

2. The FCRA is a federal statute designed to protect consumers from the harmful effects of inaccurate information reported in consumer reports (commonly referred to as "credit reports"). Thus, Congress enshrined the principles of "fair and accurate credit reporting" and the "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA. *See* 15 U.S.C. § 1681a.

3. To that end, the FCRA imposes the following duty on consumer reporting agencies: consumer reporting agencies must devise and implement reasonable procedures to ensure the "maximum possible accuracy" of information contained in consumer reports.

4. The FCRA provides consumers with a private right of actions against consumer reporting agencies that willfully or negligently fail to comply with their statutory obligations under the FCRA.

5. Plaintiff, Reshia Ward ("Plaintiff"), therefore brings this putative class action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") alleging that Accusource has negligently and recklessly disseminated consumer reports concerning Plaintiff's and countless others' backgrounds that wrongfully reported criminal records that had been "erased" or expunged pursuant to Connecticut law.

6. Plaintiff, individually and on behalf of the Class members, seeks statutory and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

## PARTIES

7. Plaintiff is a natural person and resident of the State of Connecticut and qualifies as a "consumer" as defined and protected by the FCRA.

8. Defendant Accusource HR, Inc. ("Accusource") is a "consumer reporting agency" as that term is defined under 15 U.S.C. § 1681a(f), as it "regularly engages in whole or in part in the practice of assembling or evaluating credit information or other information on consumers for the purpose of furnishing consumer reports to third parties" in exchange for monetary compensation, by means of interstate commerce. Defendant Accusource is a California corporation that maintains its primary place of business at 11811 N. Tatum Boulevard, Suite 3090, Phoenix, AZ 85028.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. Defendant regularly conducts business within the State of Connecticut, and violated Plaintiff's rights under the FCRA in the State of Connecticut as alleged more fully below.

10. Venue is proper in this District under 28 U.S.C. 1391(b) because Plaintiff resides in this District, Defendant conduct regular business in this District, and communications giving rise to this action occurred in this District.

## FACTUAL ALLEGATIONS

**I. Connecticut's "Clean Slate" Law**

11. Passed by the Connecticut legislature and signed into law by Governor Ned Lamont in 2021, Connecticut's "Clean Slate" law, Connecticut Public Act 21-32 (the "Act") went into effect on January 1, 2023. The law was intended to "alter employers' abilities to discover, consider, or make decisions based on a job applicant's or employee's criminal history."[1]

12. Among various prohibitions and limitations on the consideration of criminal records in the employment context, the Act further provided for the erasure of certain classified and unclassified misdemeanours and felonies. Namely, the acted amended Conn. Gen. Stat. § 54-142a(e) to provide: "[f]or any classified or unclassified misdemeanor offense, such records shall be erased seven years from the date on which the court entered the convicted person's most recent judgment of conviction (i) by operation of law, if such offense occurred on or after January 1, 2000; and "for any class D or E felony or an unclassified felony offense carrying a term of

---

[1] *See Connecticut 'Clean Slate' Law Erases Criminal Convictions*, (Jan. 17, 2023) available at https://www.shrm.org/resourcesandtools/legal-and-compliance/state-and-local-updates/pages/connecticut-clean-slate-erase-criminal-convictions.aspx.

imprisonment of not more than five years, such records shall be erased ten years from the date on which the court entered the convicted person's most recent judgment of conviction (i) by operation of law, if such offense occurred on or after January 1, 2000." Conn. Gen. Stat. § 54-142a(e).

13. In effect, this means that numerous individual's criminal conviction records from Connecticut have been automatically "erased" – a term synonymous with expungement or sealing – by operation of law, treating this convictions as if they had never occurred and allowing those individuals to pursue their employment opportunities absent concern of being left debilitated due to their past indiscretions.

**II. Plaintiff's Experience**

14. Sometime prior to August 24, 2023, Plaintiff applied for an employment position with Kelly Education.

15. As part of her application, Plaintiff consented that Kelly Education could obtain a background consumer reporting regarding herself. Kelly Education then contracted with Defendant to procure this report.

16. On or around August 24, 2023, Plaintiff received an email from Kelly Education with the heading "Re: Notice of Pending Adverse Action." The email indicated that Kelly Education was considering resolving her candidacy negatively based on the report provided by Defendant. The email indicated that this was specifically due to the criminal information provided by Defendant.

17. When Plaintiff review the report provided by Defendant, she was frustrated to see that Defendant was reporting multiple criminal convictions out of Windham, Connecticut on her report. First, case number CR090140502S, which involved two *misdemeanour* convictions, for assault in the third degree and criminal mischief in the third degree, with a final disposition date

of **February 27, 2012**. Second, case number CR120148507S, which also involved two *misdemeanour* convictions, for disorderly conduct and interference with an officer/resisting, with a final disposition date of **March 27, 2014**.

18. Plaintiff was upset and frustrated because to her understanding, under the Act, these misdemeanour offenses were well over 7 years old, and as such, as of January 1, 2023, they had been erased by operation of law. Indeed, when Plaintiff went on the State of Connecticut Judicial Branch's website to search up her case records by case number, no such records appeared.

19. Unfortunately, despite the very purpose of the Act, on August 31, 2023, Plaintiff received notice from Kelly Education that it would be unable to offer her employment due to the results of Defendant's consumer background check.

20. Upon information and belief, Defendant has reported disparaging conviction information that has been erased by operation of law under the Act for countless other individuals.

21. Pursuant to Section 1681e(b) of the FCRA, "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

22. Upon information and belief, Defendant fails to have such reasonable procedures, as it fails to prevent erased/sealed/expunged records from appearing on consumer's reports, despite the FCRA prescribing that it do so.

23. As a direct result of Defendant's erroneous reporting, Plaintiff and the Class members have been damaged.

24. These injuries are particularized and concrete, but difficult to quantify, rendering the recovery of class statutory damages ideal and appropriate.

25. At all times pertinent hereto, Defendant's conduct was willful and/or negligent, and carried out in reckless disregard for a consumer's rights as set forth under section 1681e of the FCRA. Accordingly, Plaintiff and the Class are entitled to statutory and punitive damages under 15 U.S.C. §§ 1681n and 1681o. Defendant is also liable for Plaintiff's reasonable attorneys' fees and costs.

26. As a direct and proximate result of the Defendant's willful and/or negligent refusal to assure maximum accuracy of credit reports as mandated by the FCRA, Plaintiff and the Class members have been harmed in their daily lives, by the impact that this derogatory information has had on their ability to secure employment in direct contradiction of the purpose of the Act, in addition to the defamatory harm suffered by having records that, by law, never occurred disclosed to potential employers.[2]

27. As an example, Plaintiff was denied her employment with Kelly Education and suffered emotional distress along with embarrassment, frustration, and annoyance because of Defendant's conduct.

## CLASS ALLEGATIONS

28. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and all others similarly situated.

29. The Class is defined as follows:

> **All natural persons residing in the United States on whom, from January 1, 2023 and through the date of class certification, Defendant compiled and shared a consumer background report**

---

[2] *See What is "Expungement?"*, American Bar Association, (Nov. 20, 2018) available at https://www.americanbar.org/groups/public_education/publications/teaching-legal-docs/what-is-_expungement-/#:~:text=An%20expungement%20order%20directs%20the,%2C%20ideally%2C%20the%20public%20record. ("To "expunge" is to "erase or remove completely." In law, "expungement" is the process by which a record of criminal conviction is destroyed or sealed from state or federal record. An expungement order directs the court to treat the criminal conviction as if it had never occurred, essentially removing it from a defendant's criminal record as well as… the public record.")

**which contained criminal conviction information that had been erased by operation of law under Conn. Gen. Stat. § 54-142a(e).**

30. Plaintiff reserves the right to amend the definition of the Class based on discovery or legal developments.

31. Specifically excluded from the Class are: (a) all federal court judges who preside over this case and their spouses; (b) all persons who elect to exclude themselves from the Class; (c) all persons who have previously executed and delivered to Defendant releases of all their claims; and (d) Defendant's employees, officers, directors, agents, and representatives and their family members.

32. **Numerosity.** The Class is so numerous that joinder of all members is impracticable. At this time, Plaintiff does not know the exact size of the Class. Based on information and belief, the Class is comprised of at least hundreds, if not thousands, of members who are geographically dispersed throughout the country so as to render joinder of all Class members impracticable. The names and addresses of the Class members are identifiable through documents maintained by Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

33. **Commonality.** Common questions of law and fact exist as to all members of the Class and predominate over the questions affecting only individual members. The primary common legal and factual questions are:

    a. Whether the Defendant willfully and/or negligently violated the FCRA by including connecticut criminal information in consumer reports which had been erased by operation of law;

    b. Whether the Defendant willfully and/or negligently violated the FCRA by failing to follow reasonable procedures in preparing and selling consumer reports;

   c. Whether Plaintiff and the Class have been injured by Defendant's conduct;

   d. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, the proper measure and appropriate formula to be applied in determining such damages and restitution; and

   e. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

34. **Typicality**. Plaintiff's claims are typical of the claims of each Class member. Plaintiff has the same claims for statutory and punitive damages that she seeks for absent class members.

35. **Adequacy.** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests coincide with, and are not antagonistic to, other Class members' interests. Additionally, Plaintiff has retained counsel experienced and competent in complex consumer and class-action litigation. Plaintiff's counsel have prosecuted complex consumer class actions across the country.

36. **Predominance and Superiority.** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the Class members individually to redress effectively the wrongs done to them. Even if the Class members themselves could afford such individual litigation, it would be an unnecessary burden on the courts.

37. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system

presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

## CAUSES OF ACTION

### COUNT I
### Violation of the FCRA, 15 U.S.C. § 1681e

38. Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

39. Plaintiff brings this claim individually and on behalf of all others similarly situated.

40. Section 1681e(b) of the FCRA requires that, "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates." 15 U.S.C. §1681e(b) (emphasis added).

41. Accordingly, Defendant was required to follow procedures to assure maximum possible accuracy of the credit reports it prepared concerning Plaintiff and the Class. This includes following procedures to prevent erased/expunged/sealed information from appearing on reports.

42. However, Defendant failed to do so.

43. Were Defendant to follow procedures to assure maximum possible accuracy of the credit report it prepared concerning Plaintiff and the Class members, it would not be possible for it to report erased Connecticut criminal records on Plaintiff's and the Class members' reports.

44. Moreover, if Defendant were meeting its obligation to follow procedures to assure maximum possible accuracy of the credit reports it prepares for Plaintiff and the Class members, it would have prevented this damaging information from being reported in the first place.

45. Defendant's violations are egregious to the point of being willful, giving rise to liability under 15 U.S.C. § 1681n, or additionally, negligent, giving rise to liability under 15 U.S.C. § 1681o.

46. As a direct and proximate result of Defendant's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff and the Class have been harmed, as explained above.

## DEMAND FOR JURY TRIAL

47. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and the Class pray for relief as follows:

A. That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and their counsel to represent the Class;

B. That judgment be entered in favor of Plaintiff and the Class against Defendant for statutory damages and punitive damages pursuant to pursuant to 15 U.S.C. §§ 1681n and/or 1681o, including pre-judgment and post-judgment interest;

C. That the Court award the costs of this action and reasonable attorneys' fees and expenses pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

D. That the Court issue a declaration that Defendant's conduct alleged herein is unlawful, as set forth more fully above;

E. That the Court grant equitable relief, enjoining Defendants from engaging in the unjust and unlawful conduct alleged herein; and

i. That the Court grant Plaintiff and the Class such other and further relief as may be just and proper.

Dated: September 6, 2023

By: */s/ Ari Marcus*
Ari H. Marcus, Esq.
Joseph Kanee, Esq. (*pro hac vice* forthcoming)
MARCUS & ZELMAN, LLC
701 Brickell Avenue, Suite 1550
Miami, Florida 33131
(786) 369-1122 telephone
(732) 298-6256 facsimile
ari@marcuszelman.com
joseph@marcuszelman.com

*Attorneys for Plaintiff and the proposed Class*